# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF KENTUCKY – at Covington

| | |
|---|---|
| CHARLIE COLEMAN, NOAH HEIM, AMY DOWTON, DAVID MEYER :<br><br>   Plaintiffs<br><br>v.<br><br>JANIS WINBIGLER, JOSHUA PERKINS, KIMBER FENDER, PEGGY SCHULTZ, RICHARD MASON, *all in their official capacities as members of the Campbell County Board of Education*<br><br>and<br><br>JAMES LUERSEN, *in his official capacity as Campbell County Clerk;* MIKE JANSEN, *in his official capacity as Sheriff, Campbell County*, and JACK SNODGRASS and JIM SCHROER, *in their official capacities as Member, Campbell County Board of Elections*<br><br>   Defendants | Case No. 2:22-CV-__75-DLB-CJS |

### PLAINTIFFS' VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR NOMINAL DAMAGES

Plaintiffs, through Counsel, for their Verified Complaint for Declaratory and Injunctive Relief, state and allege as follows:

### Parties

1. Plaintiff Charlie Coleman is a resident and voter of Campbell County, Kentucky, who lives and is registered to vote within the boundaries of the Campbell County Board of Education, and specifically within the fourth board seat district, which covers Alexandria, Kentucky. His address is 10 Stonegate Dr., in Alexandria, KY, 41011.

1

2. Plaintiff Noah Heim is a resident and voter of Campbell County, Kentucky, who lives and is registered to vote within the boundaries of the Campbell County Board of Education, and specifically within the third board seat district, which covers parts of Cold Spring, Melbourne, and Silver Grove, Kentucky. His address is 7006 Mary Ingles Hwy, Melbourne, KY 41059.

3. Plaintiff Amy Dowton is a resident and voter of Campbell County, Kentucky, who lives and is registered to vote within the boundaries of the Campbell County Board of Education, and specifically within the fourth board seat district, which covers Alexandria, Kentucky. Her address is 729 Tollgate Road, Alexandria, KY 41001.

4. Plaintiff David Meyer is a resident and voter of Campbell County, Kentucky, who lives and is registered to vote within the boundaries of the Campbell County Board of Education, and specifically within the third board seat district, which covers parts of Cold Spring, Melbourne, and Silver Grove, Kentucky. His address is 7212 Mary Ingles Hwy Melbourne, KY 41059.

5. Defendants Janis Winbigler, Joshua Perkins, Kimber Fender, Peggy Schultz, and Richard Mason, are all the duly elected and installed members of the Campbell County Board of Education, who are all sued in their official capacities (collectively the "School Board of Education Defendants"). Pursuant to KRS 160.210, they are empowered to redraw and redistrict the divisions of the school district to provide for equal, or nearly equal population.

6. Defendant James Luersen as the Campbell County Clerk, Mike Jansen, as the Campbell County Sheriff, and Jack Snodgrass and Jim Schroer, as members of the Campbell County Board of Elections, are charged with and responsible for the administration of

elections in Campbell County under KRS 117.035, and all are sued in their official capacities (collectively the "County Board of Election Defendants").

## Jurisdiction and Venue

7. Subject matter jurisdiction over the federal claims and causes of action asserted by the Plaintiff in this action is conferred on this Court pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, 28 U.S.C. § 2201, 28 U.S.C. § 2202 and other applicable law.

8. Venue is proper in this District under the provisions of 28 U.S.C. § 1391(b)(1) and (b)(2), because this District and Division are where the Defendants reside and the actions and omissions complained of occurred.

## Facts

9. The Campbell County School Board is comprised of five members, who are elected from divisions.

10. In 2020, the United States Census Bureau conducted a nationwide census, in conjunction with its statutory and constitutional duties. As pertains to this action, that census determined that the populations of the Campbell County School District divisions/districts for school board were as follows:

| District | Population |
|---|---|
| 1 | 8491 |
| 2 | 7991 |
| 3 | 12170 |
| 4 | 11316 |
| 5 | 9868 |

11. The mean or average population for each Campbell County School District divisions/districts is 9,967.2.

12. As a consequence of the foregoing, the following chart reveals the deviation from the mean, and, for the overpopulated districts, the difference in percentage population from the minimum population districts to the maximum population districts:

| District | Population | Deviation from Mean | Difference from min: |
|---|---|---|---|
| 1 | 8491 | -14.81% | |
| 2 | 7991 | -19.83% | |
| 3 | 12170 | 22.10% | 41.93% |
| 4 | 11316 | 13.53% | 33.36% |
| 5 | 9868 | -1.00% | |

13. Despite the legal ability to re-apportion the divisions/districts comprising the Campbell County School Board, and despite the availability of the census data that have been available to them since January, 2022, the School Board of Education Defendants have failed or refused to do so.

14. As a result of the foregoing, the Campbell County School Board are constitutionally malapportioned.

15. The County Board of Election Defendants are responsible for the administration of election laws in Campbell County, and are named as parties because they are statutorily charged with and responsible to implement and remedial measures this Court may order.

16. Each of the Plaintiffs resides in the malapportioned, and overpopulated, third and fourth districts, and, as a consequence, each of them suffer a dilution of their votes.

### CLAIM I – Violation of Equal Protection (42 U.S.C. 1983)

17. Plaintiffs reincorporate the foregoing as if fully written herein.

18. The right to vote, being a fundamental right, cannot be diluted, under binding Supreme Court case law, known as the "one person, one vote" principle. *Baker v. Carr*, 369 U.S. 186 (1962); *Reynolds v. Sims*, 377 U.S. 533, 556 (1964); *Brown v. Ky. Legislative Research Comm'n*, 966 F. Supp. 2d 709 (KYED 2013).

19. School board districts, because such boards have the power to impose taxes and implement policies, have been held to be subject to the one person, one vote principle. *Kramer v. Union Free School Dist.*, 395 U.S. 621 (1969); *Hadley v. Junior College Dist.*, 397 U.S. 50, 56 (1970); *Strickland v. Burns*, 256 F. Supp. 824 (MDTN 1966); *Bd. of Educ. v. Memphis City Bd. of Educ.*, 2013 U.S. Dist. LEXIS 111394 (WDTN 2013).

20. Under the applicable analysis, which this Court articulated in *Brown*, 966 F. Supp. 2d 709, 722, "[t]o determine the maximum deviation percentages that are relevant to the Equal Protection Clause analysis, the court must: (1) calculate the ideal legislative district by dividing the total population by the number of legislative districts; (2) identify the districts of the challenged plan with the largest deviations above and below the ideal legislative district; and (3) measure the difference between the deviations of those districts."

21. Here, the deviations of 41.93% (for the third district) and 33.96% (for the fourth district) from maximum to the minimum districts are constitutionally impermissible.

22. As in *Brown*, "[t]hese deviations have resulted from the failure of the [Campbell County School Board] to timely enact a constitutional plan for [school board] reapportionment, which is not a rational and legitimate justification for the gross deviations of [the school board's] current electoral districts." *Id.*

23. The School Board of Education Defendants have violated the Equal Protection Guaranties of the Fourteenth Amendment and violated the Plaintiff's right to vote.

24. The School Board of Education Defendants, under color of any statute, ordinance, regulation, custom, or usage, and exercising and abusing powers granted to them from the Commonwealth of Kentucky, subjected, or caused to be subjected, the Plaintiffs, who are persons within the jurisdiction of the United States, to be deprived of his rights, privileges, or immunities secured by the Constitution and United States laws.  They are therefore liable to them pursuant to 42 U.S.C. § 1983 under an action at law, suit in equity, or other proper proceeding for redress.  They are further liable to the Plaintiffs for their reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demands judgment against Defendants as prayed for, including:

A. That this Court issue a declaration that the practices complained of herein, by Defendants were and are unconstitutional;

B. That this Court issue an injunction enjoining further use of the malapportioned districts and direct the School Board of Education Defendants to conduct redistricting, in time for the 2022 general election, or, should they fail to do so, to draw constitutional, apportioned districts for the 2022 general election, for the Campbell County School Board;

C. That Plaintiffs be awarded nominal damages for the violations complained of;

D. That Plaintiffs be awarded their costs in this action, including reasonable attorney fees under 42 U.S.C. § 1988; and

E. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

-and-

/s/ Brandon N. Voelker
Brandon N. Voelker (KBA #88076)
GATLIN VOELKER, PLLC
50 E Rivercenter Blvd., Suite 1275
Covington, KY 41011
Ph: (859) 781-9100
bvoelker@gatlinvoelker.com

7

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Charlie Coleman, declare under penalty of perjury that I have read the foregoing Verified Complaint, and state that the factual statements therein are true and accurate and any documents attached are true and accurate copies of what they purport to be.

Executed on June 7, 2022

_____
Charlie Coleman

COMMONWEALTH OF KENTUCKY    )
                            ) SS:
COUNTY OF KENTON            )

Subscribed and Sworn to before me, a Notary Public, by Charlie Coleman, this 7th day of June 2022.

_____
Notary Public
State at Large – Kentucky

My Commission Expires: 6/3/2023